**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KASHMIR A. JENKINS | : | |
| | : | |
| Appellant | : | No. 109 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004108-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED JUNE 23, 2025**

Kashmir A. Jenkins ("Jenkins") appeals from the judgement of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following her open guilty plea to voluntary manslaughter, possessing an instrument of a crime, and two counts of recklessly endangering another person.[1] Jenkins challenges the discretionary aspects of her sentence. We affirm.

On July 26, 2021, Jenkins was involved in a fight with a group of women that resulted in the death of Jada Hellams ("Hellams"). The fight was prompted by several hostile text and Instagram messages between Jenkins and Sabria Pearce ("Pearce"). On the day of the murder, Jenkins drove to

---

[1] 18 Pa.C.S. §§ 2503, 907, 2705.

Pearce's parents' house. After leaving the area, Pearce, Hellams, and others followed Jenkins to her home.

Pearce, Hellams, and their friends exited their car and a verbal altercation between them and Jenkins escalated into a physical altercation. Though Jenkins did not engage in the fight initially because she was pregnant, she went into her home and grabbed a knife. Returning to the scene, Jenkins saw Hellams on top of her mother. Jenkins swung the knife at Hellams, stabbing her in the neck and back. Hellams later died from the injuries inflicted upon her by Jenkins.

The police arrested Jenkins and charged her with murder and related offenses. On August 30, 2024, Jenkins pled guilty to the aforementioned crimes. The trial court sentenced her to an aggregate term of four to ten years in prison. Jenkins filed a motion to reconsider, which the trial court denied. She filed a timely appeal, raising the following question for our review:

> Whether the sentencing court abused its discretion and erred in ordering a sentence for voluntary manslaughter (18 § 2503 §§ B) 4 to 10 years [of] incarceration when substantial mitigating circumstances existed including, [Jenkins'] age, her acceptance of responsibility, her remorsefulness, her abusive childhood upbringing in foster care, her mental health history of PTSD, depression and anxiety disorder, her lack of significant drug and alcohol abuse history, her remarkable education and work history, her absence of adult convictions, her positive prison adjustment and good conduct, her solid family and community support, the victims' culpability in the offense and [Jenkins'] rehabilitative needs at the time of sentencing?

Jenkins' Brief at 11 (some capitalization omitted).

Jenkins challenges the discretionary aspects of her sentence.[2] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). This Court has jurisdiction to hear this appeal if Jenkins can satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312, A.3d 366, 367-77 (Pa. Super. 2024) (citation omitted). Evaluated on a case-by-case basis, a substantial question is present when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Baker*, 311 A.3d at 18 (citation omitted).

Here, Jenkins filed a post-sentence motion and a timely notice of appeal. Jenkins' appellate brief contains a 2119(f) statement, wherein she asserts that the trial court imposed an excessive sentence without adequately considering

---

[2] We note that when a defendant enters an open guilty plea, she may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

her mitigating factors. Jenkins' Brief at 20. This raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (finding "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted).

Our standard of review of a discretionary sentencing challenge is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Devine*, 326 A.3d 935, 939 (Pa. Super. 2024) (citations omitted). When the trial court is informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Torres*, 303 A.3d 1058, 1065 (Pa. Super. 2023) (citation omitted); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

Jenkins contends that the trial court abused its discretion in imposing a manifestly excessive sentence. Jenkins' Brief at 25. She argues that the trial court failed to adequately consider numerous mitigating factors, including her remorse, abusive childhood, neglectful upbringing, mental health diagnoses, education and employment history, lack of drug and alcohol usage, lack of criminal record, support system, her role as the mother of two infant children, and Hellams' involvement in the incident. *Id.* at 26-45. She further asserts that a lesser sentence would be consistent with protecting the public, the gravity of the offenses, and her rehabilitative needs. *Id.* at 45-47.

The record reflects that the trial court considered the information in the presentence investigation report, expressly recognizing that Jenkins grew up in and out of foster care and had limited contact with her father. N.T., 10/24/2024, at 7-10. The court also considered a mental health evaluation, which identified Jenkins as having post-traumatic stress disorder, anxiety, and a depressive disorder. *Id.* at 9. The trial court also expressly considered Jenkins' work history, referencing her certifications and the presentence investigation report which notes her current job at McDonald's. *Id.* at 8, 9-10. It further noted Jenkins' lack of alcohol and drug history, and support letters from her family and friends. *Id.* at 10. The court also considered Jenkins' remorse, recognizing that she had "accepted responsibility." *Id.* at 54.

Additionally, the trial court heard victim impact statements. *Id.* at 12-29. The court acknowledged Jenkins' view that the victim initiated the altercation, but stated that it "view[s] how this happened slightly different than the Commonwealth." *Id.* at 54. The trial court ultimately imposed a mitigated-range sentence. *Id.* at 53-54.

We have no basis to conclude that the trial court abused its discretion in imposing Jenkins' sentence. The trial court had the benefit of a presentence investigation report, and we therefore presume it was aware of all appropriate sentencing factors and considerations. *See Torres*, 303 A.3d at 1065. More than that, though, as our recitation of the record makes clear, the trial court expressly considered each one of the mitigating factors that Jenkins claims it ignored. The trial court gave the weight it deemed appropriate to the mitigating factors and her acceptance of responsibility, and we will not disturb its decision. *See Baker*, 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). Therefore, Jenkins' claim is without merit. *See Devine*, 326 A.3d at 939.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/23/2025</u>